IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,          CR. NO. 97-076-18-DRD

Plaintiff,                         (Related to: Civ. No.

                                   05-1609-DRD=CVR)

vs.

MIGUEL A. VEGA-COSME,
Defendant.
_____/

**MOTION TO MODIFY TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C. Section 3582(c)(2)**

TO THE HONORABLE COURT:

   **NOW COMES**, the defendant, Miguel A. Vega-Cosme, Pro-se, and respectfully moves this Honorable Court pursuant to 18 U.S.C. Section 3582(c)(2) and U.S.S.G. 1B1.10 to modify his sentence based upon Amendment 706; U.S.S.G. 2D1.1(c)(2007) and United States v. Booker, 543 U.S. 220 (2005). In support thereof, he states as follows:

1. On June of 1999, a jury found the defendant Vega Cosme guilty of Conspiracy to distribute and possession with intent to distribute in excess of 50 grams of crack-cocaine in violation of 21 U.S.C. Sections 846 and 841(a)(1).

2. On February 4, 2000, during the sentencing hearing the judge found by a preponderance of the evidence "that the quantity of crack-cocaine alleged to be involved in the defendant's case was 1.5 kilograms over and above the 50 grams the jury had found." See, Sen. Tr., p.8, 2-4-00.

3. Applying the applicable provisions of the United States Sentencing Guidelines as they existed on the date of the defendant's sentencing hearing, the 1.5 kilograms of crack-cocaine had a base offense level, (as calculated by the judge and the prosecutor), of thrity-eight (38).

4. The effect, together with that of the enhancements that the Court applied (based on facts neither admitted by the defendant in a plea colloquy nor found by the jury beyond a reasonable doubt), placed the defendant in a sentencing range of LIFE imprisonment (BOL-43).

5. At sentencing, the Court noted its misgivings about the sentencing it was about to impose:

> THE COURT: I have no doubt that there was evidence that he was connected with the collection of ammunition that was used. But I want to meke sure that I am on solid ground if the Court is to responsibilize this defendant with additional enhancement of life because there is a big difference between 38 and 43 at level two. Thirty-eight----"

Sent. Tr., 2-04-00, p. 13, L. 15 to 20.

And againt:

> "THE COURT: They're not? I read at page-- that's right, he's three. That's right, he's a three. You're right. Because the instant offense was committed less than two years following defendant's release. So, he's a level three, 38 at three, is 292 to 365, which is 25 to 30 years. And there is a difference between 25 and 30 and life. Life is life under the federal system."

Sent. Tr., 2-04-00, pp. 13-14.

6. However, based on the above findings, the Court sentenced the defendant to LIFE imprisonment.



7. Effective November 1, 2007, Section 2D1.1(c) of the United States Sentencing Guidelines was amended by deleting the language which held that when 1.5 kilograms of crack-cocaine are involved the base offense level is to be thirty-eight (38) and instead instituted a new directive that 1.5 kilograms of crack-cocaine is to be equal to base offense level of thirty-six (36). See, Amendment 706, U.S.S.G. 2D1.1(c)(2007).

8. On December 11, 2007, the United States Sentencing Commission unanimously voted and made the new Amendement retroactive to previously imposed sentence, eefective March 3, 2008.

9. The sentence previously imposed in this case has been affected by the recent amendment. Therefore, the defendant is entitled to be resentenced under the new Amendment.

10. Applying the new amended guidelines, the defendant's base offense level would be thirty-six. The Criminal History Computation would remains at Category III as computed in the Presentence Report. The appropriate guidelines range for an offense level thirty-six (36) with criminal history of III is 235 to 292 months of imprisonment.

11. However, effective January 12, 2005, the United States Sentencing Guidelines was also amended by the United States Supreme Court in **United States v. Booker**, 543 U.S. 220 (2005), which held sentencing guidelines by judge-determined facts under preponderance of the evidence violates the Sixth Amendment right to trial by jury.

12. The Supreme Court's guidelines amendments in Booker has "cast a dark shadow" over the defendant's LIFE sentence and this Court's reasoning to impose such sentence. When the defendant's base offense level be recalculated in accordance with the language of Booker's Amendments, the amount of crack-cocaine alleged to be involved in the instant offense should be at least 50 grams but less than 150 grams of crack-cocaine.

-3-

13.  Under the old guideline, at least 50 grams but less than 150 grams of crack-cocaine was assigned a base offense level of thirty-two (32) and a guideline range of 151 to 188 months.  Now, the same quantity of crack-cocaine is assigned a base offense level of thirty (30), which corresponds to an advisory guideline range of 121 to 151, which includes the defendant's criminal history category of III.

14.  Recently, in **United States v. Hicks,** 472 F. 3d 1167 (9th Cir. 2007), the Ninth Circuit Court of Appeals held that when a defendant is eligible for resentencing pursuant to 18 U.S.C. Section 3582(c)(2), the district court must apply the factors enumerated in 18 U.S.C. Section 3553(a) and do so under non-mandatory guidelines system.  Id. at 1170-73.  See also, **Kimbrough v. United States,** ____ U.S. ____(2007), S. Ct. Docket, Case No. 06-6330 (quoting Rita v. United States, 551 U.S. ___,___(2007) (Slip Op., at 9-11) and Gall v. United States, ___ U.S. ___(2007), S. Ct. Docket, Case No. 06-7949).

15.  Similarly, in **United States v. Forty-Estremera,** 498 F. Spp. 2d 468 (D.P.R. 2007), the district court relied upon Hicks to conclude that "since Booker excised the statutes that made the Guidelines mandatory and mandatory guidelines no longer exist, the Court is free to resentence Forty accordingly."  498 F. Spp. 2d at 472.

16.  Under 18 U.S.C. Section 3553(a), rehabilitation and medical care are goals of punishment.  Those goals cannot be served if a defendant can look forward to nothing beyond imprisonment.

17.  Hope is the necessary condition of mankind, for we are all created in the image of GOD.  A judge should be hesitant before sentencing so severely that he destroys all hope and take away all possibility of useful life.  Punishment should be not more severe than that necessary to satisfy the goals of punishment.

18. Therefore, the defendant respectfully request this Honorable Court to consider his extraordinary efforts at rehabilitation and his medical condition, as stated in his memorandum of law and exhibits in support of his 2255 motion, which is incorporated herein by refernce, and impose the low-end of the new guideline range at the time of resentencing. **United States v. Forty-Estremera**, 498 F. Spp. 2d 468, 471-72 (D. P.R. 2007)(quoting United States v. Hicks, 472 F. 3d 1167 (9th Cir. 2007).

19. If this Honorable Court impose the low-end of the new range 121 months, the defendant believes that his release date would be on or around 2008, at his 51 years old, and surely he will be a very different person at 51, after 11 years in prison, than he was at 39, when he was charged herein.

20. **WHEREFORE,** based on the foregoing arguments and authorities, the defendant Vega-Cosme is entitled to be resentenced under the retroactively applicable Amendment 706 and Booker, and this Honorable Court is URGED to reduce Defendant's sentence, and enter a new judgement reflecting said change or any other and further relief which this Court deems just and fair.

**RESPECTFULLY SUBMITTED.**

4-2-08

Dated

Miguel A. Vega-Cosme, pro-se
Reg. no. 03648-069
Metropolitan Detention Center
P.O.Box 2005
Cataño, PR 00963-2005

-5-

## CERTIFICATE OF PRO-SE COUNSEL

I, Miguel A. Vega-Cosme, pro-se, hereby certify that all the foregoing statement made by me are true and correct to the best of knowledge and belief. 28 U.S.C. Section 1746.

Respectfully Submitted.

4-2-08
Dated

*M. Vega Cosme*
Miguel A. Vega-Cosme, pro-se
Reg. no. 03648-069
Metropolitan Detention Center
P.O.Box 2005
Cataño, PR 00963-2005


## CERTIFICATE OF SERVICE

I, Miguel A. Vega-Cosme, pro-se, hereby certify that a true and correct copy of this Motion to Modify Term of Imprisonment has been mailed by First Class Mail to:

   U.S. Attorney's Office/PR
   Torre Chardon, Ste. 1201
   350 Chardon Avenue
   San Juan, PR 00918


   Hon. Mag. Judge Camille Velez-Rive
   U.S. District Court/PR
   Fed. Bldg. Office, R-150
   150 Chardon Avenue
   San Juan, PR 00918-1767

Respectfully Submitted.

4-2-08
Dated

*M. Vega Cosme*
Miguel A. Vega-Cosme, pro-se
Reg. no. 03648-069
Metropolitan Detention Center
P.O.BO. 2005
Cataño, PR 00963-2005

-6-



Miguel A. Vega-Cosme
Reg. no. 03648-069
Metropolitan Detention Center
P.O.B. 2005
Cataño, PR 00963-2005

TO: Clerk's Office
U.S. District Court/PR
Fed. Bldg. Office, R-150
150 Chardon Avenue
San Juan, PR 00918-1767

Special Mail/Legal mail